**Paul Elliott RALEY, Appellant,**

v.

**Carla Gaye RALEY, Appellee.**

Court of Appeals of Kentucky.

May 22, 1987.

Roger Miller, Greenville, for appellant.

Kenneth B. Kusch, Central City, for appellee.

Before HAYES, HOWERTON and REYNOLDS, JJ.

HAYES, Judge.

The Court has before it the motion of the appellee for CR 11 and CR 73.02(4) sanctions to be imposed upon the appellant and/or his counsel. As basis for the motion the appellee argues: (1) that the appeal was frivolous and so totally lacking in merit so as to appear to have been taken in bad faith; (2) the appeal was not well-grounded in fact; and (3) the appeal was not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

The appellee has stated the facts absolutely correctly. Where an appeal is frivolous this Court may award just damages and single or double costs to the non-offending party pursuant to CR 73.02(4). Further, it is not just the offending party that is exposed to penalty. CR 11 places a burden upon counsel to make reasonable inquiry into the basis of an action, both legally and factually, and forbids the filing of an action for an improper purpose like delay or harassment. Rule 11 provides this Court with authority to assess violators with the expenses incurred by their opponents, including attorney's fees.

Federal Courts have not hesitated to impose such sanctions in appropriate circumstances, and neither will this Court. *Albright v. Upjohn Co.* 788 F.2d 1217 (6th Cir.1986); *Hale v. Harney,* 786 F.2d 688 (5th Cir.1986); *Calloway v. Marvel Entertainment Group,* 111 F.R.D. 637 (S.D. N.Y., 1986); *W.T. Sistrunk & Co. v. Kells,* Ky.App., 706 S.W.2d 417 (1986).

In this case the appellee has requested sanctions in the amount of Five-hundred ($500) dollars in attorney's fees and nine-

teen ($19) dollars in costs. It is OR-DERED that the motion is GRANTED, one half to be paid by the appellant and one half to be paid by appellant's counsel.

HOWERTON, J., concurs.

REYNOLDS, J., dissents.

REYNOLDS, Judge, dissenting.

I respectfully dissent. I predict problems with the consistency of application of such sanctions. There will perpetually be differences of opinion as to when and when not to apply sanctions.