LOUISVILLE RENT–A–SPACE d/b/a A
Storage Inn, Appellant,

v.

Amy AKAI, Appellee.

No. 86–CA–2854–MR.

Court of Appeals of Kentucky.

Feb. 26, 1988.

Jeff S. Taylor, Owensboro, for appellant.

Marc H. Levy, Louisville, for appellee.

Before DYCHE, HOWARD and
WEST, JJ.

HOWARD, Judge.

In this case, an appeal is taken from an order of the Jefferson Circuit Court granting a dismissal of the appellant as a party defendant but overruling the appellant's motion for sanctions pursuant to CR 11.

The appellee, Amy Akai, filed a complaint in Jefferson Circuit Court on May 23, 1986, against the appellant, Louisville Rent–A–Space, for damage to personal property owned by the appellee while kept at a storage facility called "A Storage Inn." This storage facility was located at 5420 Valley Station Road in Louisville, Kentucky. In its complaint, the appellee alleged that A Storage Inn was owned by appellant Louisville Rent–A–Space, a general partnership.

However, the appellant was not the owner of the storage facility at 5420 Valley Station Road. The appellant owned a facility called "A Storage Inn" located on Crums Lane in Louisville, Kentucky. There are apparently four different businesses in Louisville with the name "A Storage Inn." Evidently, the name is franchised and sold to independent dealers for marketing purposes.

On June 5, 1986, counsel for the appellant, Jeff Taylor, contacted Marc Levy, counsel for the appellee, concerning the complaint. Levy was advised that the appellant had no ownership interest in the storage facility at 5420 Valley Station Road and therefore the appellant was wrongly named as the defendant. On June 6, 1986, Taylor wrote a letter to Levy requesting that the action be dismissed and sent him an agreed order of dismissal. In addition, Taylor filed a motion to dismiss with the Jefferson Circuit Court and the matter was set for a hearing on June 23, 1986. Levy was informed in the June 6, 1986 letter that the motion had been sent to the trial court and the hearing date had been set. Taylor wrote that if Levy signed the agreed order, the hearing would not be necessary. Taylor asked that he be advised when the order was signed and entered by the court.

By the morning of June 23, 1986, Taylor had not received word that the agreed or-

der had been registered with the trial court. After arriving in Louisville from his office in Owensboro, he was informed the agreed order had been tendered to the trial court some time that morning. Apparently, the hearing was not held.

A hearing was held on November 6, 1986. The agreed order was withdrawn by the appellant but the trial court entered an order dismissing the appellant as a defendant. In addition, the trial court denied the appellant's motion for sanctions under CR 11 for attorney's fees and expenses. It is from the denial of the appellant's motion that this appeal is taken.

The appellant contends that the actions of the appellee and her counsel warrant sanctions under CR 11.

CR 11 provides in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The appellant argues that the appellee and her counsel failed to make a reasonable inquiry that the claim was well grounded in fact. More specifically, it claims that a reasonable inquiry was not made to ascertain the owners of A Storage Inn on 5240 Valley Station Road.

The appellee examined a "Certificate of Assumed Name" filed in the Jefferson County Clerk's Office for "A Storage Inn." The certificate stated that the facility operated by the appellant was located on Crums Lane and did not mention a location on Valley Station Road. There were no other listings for "A Storage Inn" in these records.

The counsel for the appellee also maintains in his brief that he examined other courthouse records and contacted the Secretary of State in order to find the owner of the Valley Station Road facility but found no other documents. He called the individual A Storage Inn locations and attempted to contact the main franchise office of A Storage Inn, but was unable to obtain any information regarding ownership.

Counsel for appellee states in his brief that he did not hear further from the appellant's counsel after the June 6, 1986 letter, but on the last business day prior to June 23, 1986, the date on which the hearing was set, he was informed by an insurance carrier that Sarah Stamper, a named defendant and manager of A Storage Inn on Valley Station Road, was not an employee of the appellant. He then realized the appellant was not the correct defendant. Consequently, the appellee signed the agreed order and submitted it to the court below on Monday, June 23. Counsel for the appellee claims that he thought the matter was settled at that point.

Both the appellee and her counsel failed to appear for the June 23, 1986 hearing, although counsel for the appellant drove from his office in Owensboro to appear. The trial court did not enter the agreed order. At the hearing held on November 6, 1986, counsel for both parties appeared. Although the appellant was dismissed as a party, the trial court refused to impose CR 11 sanctions on the ground the appellee's counsel did not display any "bad faith."

In *Raley v. Raley*, Ky.App., 730 S.W.2d 531 (1987), this Court imposed sanctions on a party and counsel under CR 73.02(4) for filing a frivolous appeal, and under CR 11 for failing to make a reasonable inquiry factually and legally into the basis of the appeal. This Court noted that federal courts had imposed sanctions under Fed.R. Civ.P. 11 in the appropriate circumstances, citing *inter alia Albright v. Upjohn Company*, 788 F.2d 1217 (6th Cir., 1986). However, this Court did not discuss in *Raley, supra,* the standard to be used in determining whether a reasonable inquiry had been made.

In *Albright, supra,* a case from Kentucky, the defendant filed a motion for sanctions under Fed.R.Civ.P. 11, which is virtually identical to CR 11, on the ground of failure to make a reasonable inquiry into the facts. The Court, quoting the advisory committee notes, stated that the standard for determining the adequacy of an inquiry was "reasonableness under the circumstances." *Id.* at 1221. The Court continued that this standard is more strict than the previous good faith rule and consequently, a greater number of situations would result in violation of the rule. *Id.*

█ As the language of CR 11 reflects, the good faith or lack of it of an attorney representing a party is not a question in determining the reasonableness of a factual inquiry. *See Albright, supra.* Further, once the determination that a violation of CR 11 is made, the trial court must impose some type of sanctions. Therefore, the court below erred in basing its decision on the lack of bad faith of the appellee's counsel.

The appellee concedes that the trial court employed the incorrect standard in determining whether CR 11 had been violated. However, the appellee argues that the appellant did not inform the trial court that it was using the wrong standard or make an objection to that effect. The appellant maintains that the issue of standards was specifically argued before the trial court and a copy of *Albright, supra,* was submitted prior to denial of the motion.

█ Unfortunately, no transcript of the November 6, 1986 hearing appears in the record. In fact, the entire record can be termed meager at best. In general, an appellant has the duty to make a sufficient record to enable a review of alleged errors. *Burberry v. Bridges*, Ky., 427 S.W.2d 583 (1968). Further, an appellant has the duty to show that alleged errors were properly preserved. CR 76.12(4)(c)(iv). However, in the case at bar, the trial court clearly erred in employing the good faith standard. Had the correct standard been followed by the trial court, there is a substantial probability that appellant would have prevailed. Under these circumstances, we view the error as a substantial one, CR 61.02, and the failure to properly preserve it is not fatal. Therefore, the trial court should again examine the facts of this case in light of the correct standard.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

All concur.