CLARK EQUIPMENT COMPANY, INC., Appellant,

v.

Rita Richey BOWMAN, Appellee.

No. 87–CA–87–MR.

Court of Appeals of Kentucky.

Dec. 9, 1988.

418

Sandra Mendez Dawahare, Lionel A. Hawse, Landrum, Shouse & Patterson, Lexington, for appellant.

Timothy Neil Philpot, Derek Gordon, Anggelis, Philpot, Gordon & Simpson, Lexington, for appellee.

J. James Rogan, Rogan & Hibberd, P.S.C., Danville, Adele Burt, Lexington, Amici Curiae.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

McDONALD, Judge:

Defendant/appellant Clark Equipment Company, Inc., appeals from the order of the Scott Circuit Court denying Clark's post-trial motion for attorney's fees and sanctions pursuant to CR 11.

## I. Facts and Procedural History

This case started out as an employment discrimination action pursuant to KRS 344 et seq. Rita Bowman, the appellee, alleged in her complaint filed in November, 1985, that the appellant, Clark Equipment Company (hereinafter Clark Equipment), had discriminated against her on the basis of her sex both in discharging her from her employment and during her six-year tenure with the company. Clark Equipment's answer to the complaint denied the allegations of discrimination. Clark Equipment contended throughout the litigation that its reason for discharging Bowman was her chronic absenteeism and her failure to perform assigned work duties. The case progressed through the discovery stage and was tried before a jury in November, 1986. At trial a motion for directed verdict by Clark Equipment was argued but overruled by the court.

By a vote of nine to three, the jury returned a verdict in favor of the employer, Clark Equipment. After judgment was entered, the company moved the court pursuant to CR 11 to award it an attorney's fee of $16,704 for its defense of Bowman's claim. Clark Equipment alleged in its motion that Bowman "failed to identify any instance of discriminatory behavior on the part of the defendant," and that Bowman's counsel "did not research nor investigate plaintiff's claim of sexual discrimination and did not act in good faith in this matter." After the issue was briefed, the court overruled the motion, reasoning that as a directed verdict was not indicated by the evidence, it could not conclude "that the Plaintiff's claim was meritless." Clark

Equipment has appealed the denial of its motion. It asserts that there has been a "per se violation" of Rule 11 and requests that we remand the matter to the trial court with instructions to conduct a hearing for the appropriate amount of sanctions. Although Clark Equipment did not name Bowman's attorney as a party to this appeal,[1] it further asks that we instruct the trial court to determine whether appellee's attorney should be liable for any compensation awarded on remand.

Rule 11, of course, allows sanctions to be imposed upon counsel who signs an offending pleading or paper, upon his or her client, or both. The failure, however, of the appellant to name Bowman's attorney as a party to this appeal precludes further efforts to sanction him if such were indicated. The salient purpose of CR 73.-03(1),[2] after invoking the jurisdiction of the appellate court, is to give notice to those persons or entities against whom relief is sought. It is manifest that a participant at the trial level who is not named in the notice of appeal is not a party to the appeal. *See Land v. Salem Bank,* 279 Ky. 449, 130 S.W.2d 818 (1939); *Yocum v. Hamilton,* Ky., 494 S.W.2d 731 (1973); *Schulz v. Chadwell,* Ky.App., 548 S.W.2d 181, 184 (1977); *Boyle County Fiscal Court v. Shewmaker,* Ky.App., 666 S.W.2d 759 (1984). As such, the order appealed from is final insofar as it affects the liability of Bowman's attorney for any alleged violation of Rule 11.

## II. Discussion of Rule 11

Rule 11 provides in relevant part:

The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or

---

1. In fact, Clark Equipment failed to name any appellee in the body of its notice of appeal. Because Ms. Bowman was listed in the caption of the notice of appeal, this appeal was not dismissed. *See Schulz v. Chadwell,* Ky.App., 548 S.W.2d 181 (1977).

2. Civil Rule 73.03. Notice of appeal.—(1) The notice of appeal *shall* specify all the appellants and *all* the appellees; "et al." and "etc." are not proper designations of parties.

a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

As a threshold matter, Rule 11 is not, as the appellant seemingly contends, a vehicle to obtain relief by one who has suffered damages by simple negligence in the filing of a lawsuit or by the filing of a meritless lawsuit. Historically successful litigants have had a remedy for the filing of meritless lawsuits in the nature of a countersuit for malicious prosecution or abuse of process. *See* C. Leibson, *Legal Malpractice Cases: Special Problems in Identifying Issues of Law and Fact and in the Use of Expert Testimony,* 75 Ky.L. J. 1, 25 (1986–87). To prevail in such a countersuit, one is required to prove, among other things, that the attorney, in filing the original suit, acted without probable cause and with malice. *Raine v. Drasin,* Ky., 621 S.W.2d 895, 899 (1981). The latter element can be inferred from lack of the first. *Id.*

Rule 11 was never intended to serve as an alternate remedy or as a substitute for those necessary elements to those various actions Justice Leibson refers to as "wrongful civil proceedings." While it should be obvious, we want to make it clear that Rule 11 does not provide substantive rights to litigants but is a procedural rule designed to curb abusive conduct in the litigation process. *Port Drum Co. v. Umphrey,* 852 F.2d 148, 150 (5th Cir.1988); *Gaiardo v. Ethyl Corp,* 835 F.2d 479, 483 (3rd Cir.1987); *Mihalik v. Pro Arts, Inc.,* 851 F.2d 790 (6th Cir.1988). It is intended for "exceptional circumstances." *Gaiardo,*

*supra* at 483. Thus, even if a case is meritless, Rule 11 has no application unless it is demonstrated that a "party or his lawyer has signed a paper in violation of the Rule." *National Association of Government Employees, Inc. v. National Federation of Federal Employees,* 844 F.2d 216, 222 (5th Cir.1988).

The test to be used by the trial court in considering a motion for sanctions is whether the attorney's conduct, at the time he or she signed the allegedly offending pleading or motion, was reasonable under the circumstances. *Louisville Rent-A-Space v. Akai,* Ky.App., 746 S.W.2d 85 (1988); *Albright v. Upjohn Co.,* 788 F.2d 1217 (6th Cir.1986). The Federal Civil Rules Advisory Committee suggested that a trial court consider several factors in deciding whether an attorney breached his obligations under the rule:

> The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted. Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

97 F.R.D. 165, 199 (1983).

Rule 11 does not prescribe a standard of review of rulings made pursuant thereto. We believe, however, that where sanctions have been denied, our review is limited to a determination of whether the trial court abused its discretion. In Kentucky, trial courts are not required to make findings when ruling on motions, CR 52.01; but in certain circumstances, especially when granting relief, it is incumbent upon the trial court to make findings on matters raised by motion. *See Burnett v. Burnett,* Ky., 516 S.W.2d 330 (1974). Considering

the punitive nature of sanctions and "the impact sanctions may have on a party or an attorney's career and personal well-being,"[3] a trial court should not impose sanctions without a hearing and without rendering findings of fact. While some courts apply an across-the-board abuse of discretion standard of review to all Rule 11 rulings, e.g., *Mihalik v. Pro Arts, Inc., supra* at 793, we think where sanctions are imposed our role requires a multi-standard approach, that is, a clearly erroneous standard to the trial court's findings in support of sanctions, a *de novo* review of the legal conclusion that a violation occurred, and an abuse of discretion standard on the type and/or amount of sanctions imposed.[4] *See Zaldivar v. City of Los Angeles,* 780 F.2d 823, 828 (9th Cir.1986); *Brown v. Federation of State Medical Boards of U.S.,* 830 F.2d 1429 (7th Cir.1987).

Applying these principles to the instant case we find no error or abuse of discretion in the order denying sanctions.

■ The basis for Clark Equipment's motion for sanctions against Bowman and her attorney is that Bowman filed a meritless lawsuit against her former employer. Clark Equipment contends that Bowman's claim lacked both factual and legal underpinnings, that it was "meritless from its inception...." Remarkably, Clark Equipment did not file any pretrial motions to dismiss, such as a motion to dismiss for failure to state a claim or a motion for summary judgment.[5] CR 12.02 and CR 56.

■ The appellant alleges the trial court failed to utilize the appropriate standard in its ruling on the sanctions issue and failed to make necessary findings. The appellant failed to preserve the error of not making specific findings for our review. *Cherry v. Cherry,* Ky., 634 S.W.2d 423 (1982). Regardless of appellant's neglect, we discern no error. Having presided over this case from its inception and through the trial, the court was in the best position possible to know about the merits of the case. Since a full transcript of the trial was not presented to us for our review, we must accept that there was sufficient evidence to support the court's decision to submit the case to the jury. More importantly, the trial court was not offered any evidence by the appellant bearing on the issue of Bowman's attorney's factual or legal inquiry prior to his filing of the complaint. As pointed out in the amicus brief filed by the Kentucky Academy of Trial Attorneys, the record contains no evidence at all that Bowman's attorney failed to make a "reasonable inquiry." Instead of evidence, Clark Equipment asked the trial court, and now this court, to infer from the fact that it obtained a verdict in its favor, that Bowman's attorney necessarily failed to make a reasonable inquiry into her claim before the complaint was filed. At oral argument appellant's counsel insisted this failure was "obvious." Such skewed thinking demonstrates a misperception of the purpose of Rule 11. Without evidence to support the appellant's serious accusations, we could not possibly determine the trial court erred. *Canton Police Benev. Ass'n of Canton, Ohio v. U.S.,* 844 F.2d 1231, 1238 (6th Cir. 1988). As the court noted in *Gaiardo,*

---

3. *Brown v. Federation of State Medical Boards of U.S.,* 830 F.2d 1429, 1437 (7th Cir.1987).

4. Some type of sanctions is mandatory if a violation is found although the court has wide discretion in fashioning an appropriate sanction. *Albright v. Upjohn,* 788 F.2d 1217, 1222 (6th Cir.1986).

5. If we were not affirming on other grounds, we would not hesitate to hold that Clark Equipment's failure to bring to the court's attention its claim that the complaint was totally frivolous until after the trial on the merits was itself a sufficient basis for denying appellant's motion. Certainly it was not reasonable to expend $16,000, plus the court's time, if indeed the complaint was meritless as Clark Equipment con-

tends. "Permitting or encouraging the opposing party to litigate a baseless action or defense past the point at which it could have been disposed of tends to perpetrate the waste and delay which the rule is intended to eliminate." *Thomas v. Capital Sec. Services, Inc.,* 836 F.2d 866, 879 (5th Cir.1988), citing Judge Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181 (1985). A "victim" of a frivolous lawsuit clearly has the duty to mitigate its losses and to "timely" move for sanctions. To allow otherwise would "effectively transform Rule 11 from a shield to a sword, whereby guileful practitioners could profit from the misfortunes and mistakes of fellow professionals." *Id.* at 881.

*supra* at 483, "Litigants misuse the rule when sanctions are sought against a party or counsel whose only sin was being on the unsuccessful side of a ruling or judgment.... Substantially more is required."

 The appellant does not challenge the trial court's ruling on its motion for directed verdict, but focuses on selected portions of the trial testimony favorable to its position. Again this focus is misplaced. The strength of Clark Equipment's evidence has no bearing on whether a Rule 11 violation occurred. "It is not per se unreasonable to initiate a lawsuit and pursue a possible claim where the defendant may have a strong defense." *Mihalik v. Pro Arts, Inc., supra* at 851. The test is, as stated, whether the attorney's conduct in filing the pleading was reasonable. Discrimination and civil rights litigants seem particularly vulnerable to intimidating attacks under Rule 11 as frequently such cases lack a "smoking gun," and information from sources other than the plaintiff is hard to obtain before suit.[6] A plaintiff and his attorney, however, need not have garnered enough facts at the time of filing a complaint to get by a summary judgment, much less a directed verdict. All that is necessary is that they have reasonable grounds to pursue the action. Thus, while the test for a Rule 11 violation and that for a directed verdict are indeed incongruent as appellant argues, it would be an anomaly, as Bowman's attorney argues, for one to be sanctioned for filing a case the merits of which were sufficient for jury deliberation.

Any other result in a case such as this would run afoul not only of common sense and the well established body of federal case law discussed above,[7] but Section 14 of our Kentucky Constitution as well. To punish a litigant merely because a jury has found against him is to stifle the practice of law the same as denying him access to the courts. We would be impatient with appellant advancing the arguments we have rejected but for the unfortunate fact that a sort of Rule 11 hysteria has seemingly swept the Kentucky bench and bar during the last year or so. Also, while the opportunity is present, we will gently warn the bar that poorly conceived Rule 11 motions may well become the subject of sanctions in the future.

The judgment of the Scott Circuit Court is affirmed.

All concur.

---

6. Ironically, this case had a "smoking gun," that is, a supervisor who testified how the company "set up" women to be fired. This testimony was not heard by the jury, but is in the record by avowal.

7. Keep in mind that Federal Rule 11 also has congressional approval, whereas with the Kentucky rule there is no legislative approval.