**Eldon L. LARGE and G. William Bailey, Jr., Attorney at Law, Appellants**

**v.**

**Jane L. OBERSON[1], Appellee**

**NO. 2015-CA-001285-MR**

Court of Appeals of Kentucky.

DECEMBER 15, 2017; 10:00 A.M.

1. The appellee's name is given as "Jane J. Orberson" in the trial court's orders, and "Jane J. Oberson" in the caption of the notice of appeal. We refer to the appellee as "Jane L. Oberson" because that is how she is identified in the body of the notice of appeal.

BRIEF FOR APPELLANT: G. William Bailey, Jr., Elizabethtown, Kentucky.

BRIEF FOR APPELLEE: Barry Birdwhistell, Elizabethtown, Kentucky.

BEFORE: COMBS, DIXON, AND NICKELL, JUDGES.

## OPINION

NICKELL, JUDGE:

Eldon Large and G. William Bailey, Jr. appeal from the Hardin Circuit Court's order entered June 2, 2015, granting sanctions against them under CR[2] 11, as well as the court's subsequent denial of their motion to vacate this order pursuant to CR 59.05, entered August 12, 2015. For the reasons set forth below, we affirm.

---

2. Kentucky Rules of Civil Procedure.

## BACKGROUND

The events of this case stem from Large's complaint alleging fraud against Jane L. Oberson. Large was married to Oberson when she gave birth to Sara Jane Large in 1975. The couple divorced in 1978. Based on physical traits, Large suspected Sara was not his biological child. Nevertheless, following the divorce, Large paid child support until Sara reached the age of majority in 1993.

Twenty years later, on November 25, 2013, Large filed a civil complaint against Oberson, claiming she fraudulently represented Sara to be his biological child. Large alleged "in 1999 [Oberson] admitted to [Large] that he was not the natural father of Sara Jane Large ... based on DNA tests she had performed, and that she intended to knowingly deceive and misrepresent to [Large] that he was the natural father of said child." Large requested $19,375 in monetary damages as reimbursement for past child support payments. In her answer, Oberson explicitly asserted Large's claims "are barred by applicable statutes of limitation and/or statutes of repose." Large later attempted to amend his complaint to include Sara as a defendant, but the trial court found she was not a party to the allegation of fraud. During the course of these proceedings, Large did not move to revisit his prior determination of Sara's paternity in the divorce from Oberson. He also declined to voluntarily dismiss his case once the statute of limitations defense was asserted.

On April 3, 2015, the trial court granted Oberson's motion for summary judgment. In its written ruling, the court explained fraud claims must be brought within five years of discovery of the fraud, citing

KRS[3] 413.120(11),[4] and within ten years of the fraudulent act, citing KRS 413.130(3). The court also noted Large gave inconsistent dates about when he discovered he was not Sara's biological father, the latest of which was 1999 and corresponded to allegations within Large's unverified complaint. Because the complaint was filed in 2013, more than five years after the admitted discovery of the fraud in 1999, and more than ten years after any fraudulent act, the trial court found the matter to be clearly barred by the appropriate limitations period.

Following summary judgment, Oberson moved the trial court to grant sanctions against Large and his counsel under CR 11, alleging any claims asserted by Large were well outside the statute of limitations. She also maintained Large filed the lawsuit solely out of revenge and without any justifiable purpose. The trial court ultimately found the appellants to be jointly and severally liable for sanctions and awarded attorney's fees to Oberson. The court denied a subsequent motion to vacate the sanctions. This appeal follows.

## ANALYSIS

For their sole issue on appeal, appellants contend the trial court erred in ordering sanctions. Appellants argue CR 11 sanctions were inappropriate under the circumstances because Large's claim was "well grounded in law and fact and was meritorious in nature." Appellants argued in the trial court that fraud based upon a misstatement of paternity did not exist before *Denzik v. Denzik*, 197 S.W.3d 108 (Ky. 2006), so the limitations period should relate to rendition of that decision. In addition, appellants argued they were not re-

---

**3.** Kentucky Revised Statutes.

**4.** The trial court cites KRS 413.120(12), but this provision, relating to fraud, was later renumbered KRS 413.120(11). 2015 Ky. Acts, ch. 121, § 3.

quired to anticipate Oberson would assert the statute of limitations, because it is an affirmative defense. The trial court disagreed, finding the complaint was not based upon "a plausible view of the law." *Clark Equipment Co., Inc. v. Bowman*, 762 S.W.2d 417, 420 (Ky. App. 1988) (citation omitted). Furthermore, the trial court found appellants unreasonably persisted in this suit once Oberson asserted the statute of limitations. Finally, the trial court found Large filed the complaint and subsequently litigated the case, at least in part, for the purpose of harassment.

■ The analytical framework of CR 11 involves multiple considerations.

CR 11 does not provide substantive rights to litigants but is a procedural rule designed to curb abusive conduct in the litigation process. It is intended only for exceptional circumstances. The test to be used by the trial court in considering a motion for sanctions is whether the attorney's conduct, at the time he or she signed the allegedly offending pleading or motion, was reasonable under the circumstances.

*Lexington Inv. Co. v. Willeroy*, 396 S.W.3d 309, 312-13 (Ky. App. 2013) (citations omitted). In addition, appellate review of a trial court's imposition of sanctions

requires a multi-standard approach, that is, a clearly erroneous standard to the trial court's findings in support of sanctions, a *de novo* review of the legal conclusion that a violation occurred, and an abuse of discretion standard on the type and/or amount of sanctions imposed.

*Clark Equipment*, 762 S.W.2d at 421 (footnote and citations omitted).

■ As an appellate court, we defer to the trial court's findings of fact and do not disturb those findings on appeal unless clearly erroneous. CR 52.01. "A factual finding is not clearly erroneous if it is supported by substantial evidence." *Gullett v. Commonwealth*, 514 S.W.3d 518, 523 (Ky. 2017) (citation and internal quotation marks omitted). Substantial evidence is " '[e]vidence that a reasonable mind would accept as adequate to support a conclusion' and evidence that, when 'taken alone or in the light of all the evidence, ... has sufficient probative value to induce conviction in the minds of reasonable men.' " *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (citations omitted).

■ Here, most of the trial court's factual findings were undisputed. The parties were married at the time Sara was born in 1975. They divorced in 1978. From 1978 until Sara reached the age of majority in 1993, Large paid child support. Even accepting Large's version of the facts, as the trial court did, Large discovered he was not Sara's biological father in 1999. The instant complaint alleging fraud was not filed until 2013; therefore, on its face, the complaint went far beyond being merely untimely. Large made no attempt to dispute paternity in the underlying divorce action, and declined to withdraw this suit when faced with the defense of limitations. Instead, he attempted to add Sara, now over forty years old, as a defendant. The trial court found the continuation and expansion of the complaint supported finding "the case was filed and maintained for harassment purposes." Based on these considerations, the trial court's findings in support of sanctions were not clearly erroneous.

■ We review *de novo* whether a litigant's conduct violated CR 11, justifying an award of sanctions. *Clark Equipment*, 762 S.W.2d at 421. Finding a violation requires us to determine if an attorney has unreasonably signed a pleading or motion leading to abusive litigation. *Lexington Inv. Co.*, 396 S.W.3d at 312-13.

There is remarkably little case law in Kentucky on the question of whether a complaint filed in obvious disregard of the statute of limitations may give rise to CR 11 sanctions. The trial court cites only one such Kentucky authority directly supporting the proposition. "[Trainor] disobeyed Civil Rule 11 by filing the medical malpractice suit ... significantly beyond the statute of limitations." *Trainor v. Kentucky Bar Ass'n*, 311 S.W.3d 719, 721 (Ky. 2010). Appellants contend this case is not dispositive, as it "is merely dicta [sic] contained in a bar discipline case." We disagree. *Dictum* occurs when a judge makes an incidental or collateral observation "upon a point not necessarily involved in the determination of the cause[.]" *Obiter dictum*, BLACK'S LAW DICTIONARY (6th ed. 1990). The Supreme Court of Kentucky found Trainor's violation of CR 11 led directly to his violation of SCR [5] 3.130. *Trainor*, 311 S.W.3d at 721. There was nothing incidental or collateral about the conclusions in *Trainor* regarding CR 11 and the statute of limitations—it was an essential link in the court's reasoning.

In addition, the trial court found persuasive value in how other courts view this issue. In its examination of federal analysis of the analogous Rule 11 within the Federal Rules of Civil Procedure, the trial court cited *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750 (7th Cir. 1988). "No competent attorney who made a reasonable inquiry into the state of the law ... could have thought the [pleading] had any possible merit. He should have known it was time-barred." *Id.* at 753 (citation omitted). This is persuasive because Kentucky courts have turned to federal analysis of Rule 11 for guidance on CR 11 issues. *See generally Clark Equipment*. The trial court continued its well-reasoned analysis when it also found a single case supporting

appellants' argument: complaints filed outside the statute of limitations may not be frivolous because limitations as an affirmative defense may be waived. *Stafford v. Columbus Bonding Ctr.*, 177 Ohio App.3d 799, 896 N.E.2d 191, 199 (2008). Yet, even in *Stafford*, the trial court noted the Ohio Court of Appeals still found a violation of Ohio's Rule 11 when the attorney persisted after the statute of limitations was raised as a defense in the answer. *Id.*

Appellants' only attempt at rationalizing the untimely nature of the complaint is based upon *Denzik*, which they contend provided a new cause of action for fraud based upon a misrepresentation of paternity. However, *Denzik* itself contradicts such a reading. "This holding does not create a new class of fraud. Denzik's so-called 'paternity fraud,' is nothing more than ordinary fraud." Denzik, 197 S.W.3d at 112. Furthermore, the *Denzik* court used the limitations period for ordinary fraud contained in KRS 413.130(3). *Id.* at 111. KRS 413.130(3) contains an overall limit of ten years from execution of the fraudulent act. Appellants fail to provide any justification for a ten-year extension from *Denzik*. Sara's majority, and consequently Large's last child support payment, occurred in 1993, over twenty years before the complaint was filed. The trial court correctly found appellants' position did not represent a plausible view of the law. Therefore, we conclude the trial court did not err in concluding appellants violated CR 11 in unreasonably filing *and maintaining* a time-barred suit after the affirmative defense of limitations was raised.

 Finally, we must consider whether the trial court committed an abuse of discretion as to the type or amount of sanctions awarded. "A trial court abuses its discretion when it renders a decision which is arbitrary, unreason-

**5.** Rules of the Kentucky Supreme Court.

able, unfair or unsupported by legal principles." *Williams v. Commonwealth*, 229 S.W.3d 49, 51 (Ky. 2007) (citation omitted). Oberson's motion for sanctions requested an attorney's fee in the amount of $2,500.00. As an alternative, appellants contend the sanction awarded was too high because Oberson moved for summary judgment fourteen months after answering the complaint. Appellants assert Oberson could have mitigated damages by moving for summary judgment earlier in the proceedings.

A "victim" of a frivolous lawsuit clearly has the duty to mitigate its losses and to "timely" move for sanctions. To allow otherwise would effectively transform Rule 11 from a shield to a sword, whereby guileful practitioners could profit from the misfortunes and mistakes of fellow professionals.

*Clark Equipment*, 762 S.W.2d at 421 n.5 (internal quotation marks and citation omitted).

The trial court considered this issue in its award of sanctions and found Oberson acted reasonably to document the case for her defense. There is no evidence Oberson unreasonably delayed progress of the suit to increase legal expenses. The trial court pointed out most of the costs could have been avoided if a voluntary dismissal had occurred after Oberson's answer. Following Large's refusal to voluntarily dismiss his suit, Oberson rationally proceeded as though the case were going to trial. Finally, during the CR 11 sanctions hearing, Oberson's counsel stated on the record his fee was $2,500.00 for all work up to trial. Because the flat-rate attorney's fee was the only sanction requested, neither Oberson nor her counsel had anything to gain from delaying this case. We find no abuse of discretion in the amount of the trial court's award of sanctions.

## CONCLUSION

For the foregoing reasons, we affirm the orders of the Hardin Circuit Court granting CR 11 sanctions against appellants.

ALL CONCUR.