RENDERED:  AUGUST 14, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-001848-MR


WILLIAM BYARLEY, PEARL MARIE BYARLEY,
RAYMOND CROFT, AND JUDY ANN CROFT                    APPELLANTS


|     | APPEAL FROM CRITTENDEN CIRCUIT COURT |
| --- | --- |
| v.  | HONORABLE C. RENE' WILLIAMS, JUDGE |
|     | ACTION NO. 16-CI-00014 |


KAREN BERG, IN HER CAPACITY AS
SUCCESSOR TRUSTEE OF THE GORDON LIVING TRUST;
AND GORDON FARMS, INC.                                      APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE:  William and Pearl Byarley and Raymond and Judy Croft

(Appellants) appeal the Crittenden Circuit Court's summary judgment in favor of

Karen Berg, as Successor Trustee of the Gordon Living Trust.  The Appellants

allege the circuit court improperly applied the law when it denied them recovery of attorney's fees. Finding no error, we affirm.

## BACKGROUND

On February 4, 2016, Berg filed a Petition for Declaratory Judgment, seeking determination of the legal status of an unpaved, dirt road called "Cletis Millikan Road" (Road) in Crittenden County. Berg was the owner of two tracts of land separated by the Road. Her petition sought a determination either that the Road: (1) was a private road, which required an easement for utility purposes; or (2) was a public road to which every member of the public is granted unfettered access.

Without access to the Road, Berg's property would be landlocked. Without the proper establishment of an easement over the existing roadway for ingress and egress, Appellants' property would continue to be landlocked as well. Appellants took issue with Berg's attempt to make the pathway a public road or grant an easement across the property for utilities. Therefore, Appellants filed a counterclaim against Berg for attorney's fees and prospective damages, calling her suit an "improper action."

The circuit court granted a partial judgment on the pleadings and established an easement over the existing roadway for the purposes of ingress and egress. It further ordered "all other matters/issues/claims raised in the pleadings,

including the scope of use of the existing roadway by the parties hereto, their heirs, successors and assignees, shall remain subject to further adjudication before this Court."

Berg eventually sold the property and filed a motion to dismiss because she no longer had an interest in the subject matter of the action. The circuit court granted this motion in its November 8, 2018 order. Also, in this order, the circuit court granted Berg's summary judgment motion on Appellants' counterclaim for attorney's fees and prospective damages. The court found that attorney's fees and prospective damages for diminution in fair market value were inappropriate and unrecoverable. This appeal followed.

## STANDARD OF REVIEW

The standard of review when a circuit court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). The trial court must view the evidence in the light most favorable to the non-moving party, and summary judgment should be granted only if it appears impossible the non-moving party will be able to produce evidence at trial warranting a judgment in his favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480-82 (Ky. 1991). The party seeking summary disposition

bears the initial burden of establishing that no genuine issue of material fact exists, and the burden then shifts to the party opposing the motion to present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 482.

## ANALYSIS

The only issue Appellants raise on appeal is the circuit court's denial of attorney's fees in its summary judgment order. Appellants argue the circuit court improperly applied the law established in *Bell v. Commonwealth, Cabinet for Health and Family Services, Department for Community Based Services*, which says:

> [T]he only appropriate award of attorney's fees as a sanction comes when the very integrity of the *court* is in issue. To that end, attorney's fees may be awarded under Civil Rule 11 for filing pleadings that are not "well grounded in fact," not "warranted by existing law or a good faith argument for the extension, modification or reversal of existing law," or that are filed for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

423 S.W.3d 742, 749 (Ky. 2014) (quoting CR[1] 11).

Appellants parroted and paraphrased *Bell* suggesting there were five factual issues that could only be decided by the trier of fact, namely whether

---

[1] Kentucky Rules of Civil Procedure.

Berg's action was: (1) not well grounded in fact; (2) not warranted under existing law; (3) made solely to harass Appellants; (4) made to needlessly increase Appellants' cost to defend same; and (5) whether Berg's delay of eighteen months before filing a motion to dismiss their remaining claims caused an unnecessary delay in the action.

Appellants' reliance on *Bell* is misplaced. To begin with, *Bell* also stated that attorney's fees are "not awarded as costs to the prevailing party unless there is a statute permitting it or as a term of a contractual agreement between the parties. They may also be awarded as a sanction but only under limited circumstances." *Id.* at 748. Appellants were not the prevailing party and there is no statute or contract on point. Appellants' only remaining argument is that attorney's fees are necessary as a sanction. Yet, Appellants identify no evidence that a sanction is justified.

Berg's defense to Appellants' pursuit of CR 11 sanctions by means of a summary judgment motion may have been mildly unconventional. However, we see no reason, given these facts, why the grant of that motion was wrong.

Our procedural rules entrust to the trial court the responsibility of deciding whether to impose CR 11 sanctions. In that process, the court sits as factfinder. "[W]here sanctions have been denied, our review is limited to a determination of whether the trial court abused its discretion." *Clark Equipment*

*Co., Inc. v. Bowman*, 762 S.W.2d 417, 420 (Ky. App. 1988).  We see no abuse of such discretion here.

Furthermore, what was stated in *Bell* is also directly applicable here:

[W]here attorney's fees are appropriate as a sanction, it is . . . because there has been an intrusion on the very power of the court.  Any cases to the contrary are misguided, for only in this narrow use to support the integrity of the court may attorney's fees be awarded without subverting the "American Rule" of not awarding attorney's fees as costs.

The integrity of the court is not in question here.

423 S.W.3d at 749 (footnote omitted).  Consequently, dispensing with Appellants' claims to sanction Berg by shifting to her the obligation of paying Appellants' attorney's fees was appropriate.  It was not an abuse of discretion under CR 11, nor was there any genuine issue of material fact that would have prevented entry of summary judgment as a means of accomplishing the same thing.

## CONCLUSION

For the foregoing reasons, the Crittenden Circuit Court's order granting summary judgment is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANTS:  BRIEF FOR APPELLEES:

William F. McGee, Jr.    Dailey E. Wilson
Smithland, Kentucky    Allen O. Wilson
           Eddyville, Kentucky