RENDERED: OCTOBER 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2022-CA-0995-MR

HAROLD EDWARD HALL                                 APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM JEFFERSON CIRCUIT COURT<br>HONORABLE AUDRA J. ECKERLE, JUDGE<br>ACTION NO. 22-CI-000169 |

KELLEY ANN HEAVENER;
RICHARD VERNON HORNUNG;
AND ANDREW RICHARD
HORNUNG                                           APPELLEES

AND

NO. 2022-CA-1163-MR

HAROLD EDWARD HALL                                 APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM JEFFERSON CIRCUIT COURT<br>HONORABLE MARY M. SHAW, JUDGE<br>ACTION NO. 20-CI-003193 |

KELLEY ANN HEAVENER;
ANDREW HORNUNG, ESQUIRE.;
RICHARD HORNUNG, ESQUIRE;
AND HEBEL & HORNUNG, P.S.C.                         APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Harold Edward Hall brings Appeal No. 2022-CA-0995-MR from an April 27, 2022, Opinion and Order of the Jefferson Circuit Court dismissing a complaint filed by Hall alleging abuse of process and wrongful use of civil proceedings and brings Appeal No. 2022-CA-1163-MR from a May 23, 2022, Order and an August 29, 2022, Order of the Jefferson Circuit Court denying his motion for sanctions.[1] We affirm both Appeal Nos. 2022-CA-0995-MR and 2022-CA-1163-MR.

The relevant underlying facts of these appeals are sad. Hall and Kelly Ann Heavener were never married but had a son – Jared Heavener – who was born on February 10, 1994. Jared lived with Heavener and apparently had very limited contact with Hall. On October 29, 2019, at the age of twenty-five, Jared died unexpectedly of natural causes. As Jared was not married and had no children, he was survived by Hall and Heavener.

---

[1] By Order entered March 1, 2023, this Court denied appellant Harold Edward Hall's motion to consolidate these appeals, but ruled the appeals would be considered together by the same three-judge panel upon completion of briefing.

Following Jared's death, Heavener met with Newcomer Cremation and Funeral Home in New Albany, Indiana, to discuss the funeral arrangements for Jared. At this meeting, Heavener was apparently accompanied by her boyfriend and her mother; Hall was not present. In fact, the obituary prepared at Heavener's direction did not identify Hall as Jared's father. During the meeting with the funeral director, Heavener expressed her desire to have Jared cremated and to keep his cremated remains in her possession. At this point, the funeral home director informed Heavener that Indiana law required that she and Hall must agree to the cremation and further agree to the disposition of the cremated remains. As Heavener and Hall would not communicate directly, the funeral director contacted Hall to see if he was agreeable to Heavener's wishes. Hall agreed to Jared being cremated; however, Hall would not agree to Heavener keeping Jared's cremated remains in her possession. Rather, Hall suggested that Jared's remains be interred at a cemetery. With Heavener and Hall reaching an impasse, the funeral director suggested that the parties consider dividing Jared's cremated remains as a compromise. After Jared's cremation, his entire remains were eventually interred at Evergreen Cemetery in Louisville, Kentucky. Following the interment, Heavener maintained that Hall had agreed to allow her to keep a portion of Jared's cremated remains with her; Hall denied the existence of such an agreement.

On June 1, 2020, Heavener filed a complaint in the Jefferson Circuit Court (Action No. 20-CI-003193) seeking an order to compel Hall to abide by the terms of an alleged oral agreement to divide Jared's cremated remains with Heavener.  Hall responded by filing a motion to dismiss claiming lack of jurisdiction and failure to state a claim upon which relief could be granted. (Kentucky Rules of Civil Procedure (CR) 12.02.)  Hall's motion to dismiss was denied; thereafter, Hall filed an answer and an amended answer.  On January 18, 2021, Heavener filed a motion to dismiss her complaint against Hall.  And, by order entered January 19, 2021, the circuit court granted Heavener's motion and dismissed Heavener's complaint against Hall without prejudice.

On March 1, 2021, Hall filed a motion seeking sanctions against Heavener and her attorneys, Richard Vernon Hornung and Andrew Richard Hornung (Hornungs), for filing a frivolous complaint under CR 11.  On May 23, 2022, the circuit court entered a two-sentence Order denying Hall's motion for CR 11 sanctions; the order included complete CR 54.02 language.  Hall subsequently filed a CR 59 motion to vacate the May 23, 2022, Order for failure to render findings of fact and conclusions of law as required by CR 52.01 and for a new trial on the sole issue of entitlement to CR 11 sanctions.  By Order entered August 29, 2022, the circuit court granted Hall's motion in part and made findings of fact and

conclusions of law per CR 52.01; however, the court denied the motion to set aside the May 23, 2022, order denying CR 11 sanctions. This appeal follows.

Hall contends the circuit court erred by denying his motion for CR 11 sanctions against Heavener and the Hornungs. More particularly, Hall asserts that Heavener's attorneys did not conduct an investigation to ensure there was some basis in fact and in law before signing the complaint.

CR 11 governs sanctions and provides, in relevant part, as follows:

> Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. . . . The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

It is well-settled that CR 11 does not provide litigants with any substantive rights; rather, CR 11 is merely a procedural rule intended to "curb abusive conduct" in litigation. *Large v. Oberson*, 537 S.W.3d 336, 339 (Ky. App. 2017) (citation omitted). In fact, CR 11 sanctions are "intended only for exceptional circumstances." *Id.* at 339. In considering a motion for CR 11 sanctions, the circuit court must determine whether the attorney's conduct, when

he "signed the allegedly offending pleading or motion, was **reasonable under the circumstances**." *Id.* at 339 (emphasis added). Upon appellate review of a decision to deny sanctions, "our review is limited to a determination of whether the trial court abused its discretion." *Clark Equip. Co., Inc., v. Bowman*, 762 S.W.2d 417, 420 (Ky. App. 1988).

Applying these principles to the case *sub judice*, we do not believe the circuit court abused its discretion by denying CR 11 sanctions. The basis for Hall's motion for sanctions was that the Hornungs should have conducted a more thorough investigation before signing the complaint. In support thereof, Hall asserts that the Hornungs solely relied upon a text message from Heavener in which she alleged Hall had orally agreed to a division of Jared's cremated remains. Hall asserted that the complaint failed to identify any facts in support of the alleged oral agreement and that none of the deposed witnesses could articulate the formation or existence of an oral agreement to divide Jared's cremated remains.

In its August 29, 2022, order, the circuit court stated the following:

> Looking to the merits, although [Heavener]'s counsel could have conducted a more thorough investigation, the Court is satisfied that, at the time, his filing the complaint was reasonable under the circumstances. The allegation was an oral contract, which can entail little to no corroborating evidence. Based upon the information received from Ms. Heavener, the agreement was spoken between the two parties to this action. Given her claim, a reasonable inquiry would be asking a client the nature of the agreement and the time it was made. [Heavener]'s

counsel has the details of the alleged agreement in a text received from Ms. Heavener. That is enough to file a complaint in good faith under Kentucky's notice pleading standard. Indeed, "A plaintiff and his attorney, however, need not have garnered enough facts at the time of filing a complaint to get by a summary judgment, much less a directed verdict." *Id.* at 422. [*Clark Equipment Co., Inc., v. Bowman*, 762 S.W.2d 417 (Ky. App. 1988).] Absent indication his client is untruthful or seeks to harass Mr. Hall, he need not find each plausible witness to bolster Ms. Heavener's allegation.

August 29, 2022, Order at 5. Upon review of the circuit court's analysis above and the record before this Court on appeal, we agree with the circuit court that the signing of the complaint was reasonable under the circumstances. This includes the circuit court's reliance upon its in camera review of a text message from Heavener to Richard Hornung which the circuit court concluded set out a sufficient basis for filing the complaint.[2] Thus, we conclude that the circuit court did not abuse its discretion by denying Hall's motion for CR 11 sanctions.

---

[2] The purported text from Kelley Ann Heavener to her counsel and counsel's notes were reviewed in camera by the circuit court at a hearing on December 3, 2021. Counsel for Heavener asserted that the documents were protected by attorney-client privilege and a copy was not provided to Hall's attorney. At oral argument in this appeal, counsel for Hall argued that the tendered documents were placed under seal by the circuit court and should have been disclosed by the circuit court under the waiver provisions set out in Kentucky Rules of Evidence (KRE) Rule 509. Hall styles this "trial by ambush" at the hearing. While Hall's counsel objected to the circuit court's review of the documents at the December 3, 2021, hearing, there was no motion to place the documents under seal or in the record by avowal. Likewise, counsel has not cited this Court to where those documents were located in the record below and based on our thorough review of the record on appeal, said documents are not part of the record. It is not this Court's responsibility to search the record on appeal to ensure that an issue has been preserved. *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019). In Hall's Kentucky Rules of Civil Procedure 59 motion below, no reference is made to the circuit court's in camera review of Heavener's text to her counsel nor the KRE Rule 509 issue for the court to consider. Accordingly, any

On January 3, 2022, Hall filed a complaint in Jefferson Circuit Court (Action No. 22-CI-000169) against Heavener and her attorneys, the Hornungs. Therein, Hall alleged that the Hornungs, as Heavener's attorneys, had engaged in abuse of process and wrongful use of civil proceedings by filing the complaint on behalf of Heavener and by pursuing relief in Action No. 20-CI-003193. In response, Heavener and the Hornungs filed a motion to dismiss Hall's complaint pursuant to CR 12 for failure to state a claim upon which relief could be granted. Hall then filed a motion to disqualify the Hornungs from representing Heavener. By Order entered April 27, 2022, Hall's complaint was dismissed and the motion to disqualify counsel was denied as moot. Hall filed a motion pursuant to CR 59.05 to alter, amend, or vacate the April 27, 2022, Order dismissing his complaint. By Order entered July 15, 2022, the circuit court denied the motion. This appeal follows.

Hall initially contends that the circuit court erred by granting Heavener and the Hornungs' motion to dismiss pursuant to CR 12.02 for failure to state a claim upon which relief could be granted. More particularly, Hall asserts

---

evidentiary issue regarding the documents reviewed in camera by the circuit court has not been properly preserved for our review on appeal. *See Norton Healthcare, Inc. v. Deng*, 487 S.W.3d 846, 852 (Ky. 2016).

the circuit court erroneously concluded he did not have a cause of action for abuse of process or wrongful use of civil proceedings.

> CR 12.02(f) provides:
>
> Every defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (f) failure to state a claim upon which relief can be granted[.]

It is well-established that a court should not dismiss a complaint for failure to state a claim upon which relief can be granted under CR 12.02(f) "unless the pleading party appears not to be entitled to relief under any state of facts which could be proved in support of his claim." *Certain Underwriters at Lloyd's, London v. Abundance Coal, Inc.*, 352 S.W.3d 594, 596 (Ky. App. 2011) (citation omitted). In ruling upon a CR 12.02(f) motion, the circuit court does not make any factual determinations; instead, the matter is merely a question of law. *Id.* Thus, appellate review of a circuit court's order dismissing a complaint pursuant to CR 12.02(f) is *de novo*. *Id.* Our review proceeds accordingly.

Abuse of Process

An abuse of process occurs where an individual utilizes "a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which that process is not designed[.]" *Sprint Commc'ns Co., L.P. v. Leggett*, 307 S.W.3d 109, 113 (Ky. 2010). The elements necessary for establishing

-9-

an action for abuse of process are "(1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998).

Regarding the first element of abuse of process (an ulterior purpose), the circuit court concluded that Hall failed to identify an ulterior purpose on the part of Heavener or the Hornungs in filing the original complaint in Action No. 20-CI-003193. The circuit court also acknowledged that "[w]hile factual proof is not required for a complaint to survive to the discovery phase, the allegations themselves must at least meet the elements of the claim being brought." April 27, 2022, Opinion and Order at 3. We agree with the circuit court.

In the case *sub judice*, Hall failed to allege an ulterior purpose for Heavener filing the complaint. Rather, as indicated in the complaint, Heavener believed Hall had orally agreed to divide Jared's cremated remains. Even after the circuit court pointed out the deficiency in Hall's complaint, Hall failed to identify in his appellant's brief where he had alleged "an ulterior purpose" in the complaint. April 27, 2022, Opinion and Order at 3. The only mention of a problem between Hall and Heavener in the original complaint was that since Jared's birth Heavener allegedly held a grudge against Hall. This, standing alone, on its face without any evidence, does not support a basis for an ulterior purpose by Heavener and/or the Hornungs in filing the complaint seeking to enforce an agreement regarding the

disposition of Jared's cremated remains. Having failed to establish the first of two elements necessary for an abuse of process claim, we do not believe the circuit court erred by dismissing Hall's complaint as to the abuse of process claim for failure to state a claim upon which relief could be granted pursuant to CR 12.02(f).

Wrongful Use of Civil Proceedings

It is well-settled public policy that individuals should be free to "resort to the courts for redress of a wrong, and the law should and does protect them when they commence a civil or criminal action in good faith and upon reasonable grounds." *D'Angelo v. Mussler*, 290 S.W.3d 75, 79 (Ky. App. 2009) (citations omitted). The elements necessary to maintain an action for wrongful use of civil proceedings are subject to strict compliance. *Id.* The elements of wrongful use of civil proceedings are as follows:

> 1) the defendant initiated, continued, or procured a criminal or civil judicial proceeding, or an administrative disciplinary proceeding against the plaintiff;
>
> 2) the defendant acted without probable cause;
>
> 3) the defendant acted with malice, which, . . . in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based;
>
> 4) the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and

-11-

5) the plaintiff suffered damages as a result of the proceeding.

*Martin v. O'Daniel*, 507 S.W.3d 1, 11-12 (Ky. 2016).[3]  All five elements must be demonstrated to establish a claim for malicious prosecution.

As to the first element for wrongful use of civil proceeding, Heavener and the Hornungs admittedly instituted a civil proceeding against Hall wherein it was alleged Hall breached an oral agreement to divide Jared's cremated remains. Therefore, the first element necessary for a claim of wrongful use of civil proceedings was satisfied.

As to the second element for wrongful use of civil proceedings, Hall must demonstrate that Heavener and the Hornungs acted without probable cause in initiating the proceedings against Hall.  In a civil proceeding, the person initiating the proceeding is not required to have the same degree of certainty regarding the relevant facts as is necessary in a criminal proceeding.  *D'Angelo*, 290 S.W.3d at 80 (citation omitted).  In fact, civil proceedings often must be initiated before the relevant facts can be ascertained.  To require otherwise would place "an

---

[3] In *Martin v. O'Daniel*, 507 S.W.3d 1, 11 (Ky. 2016), the Kentucky Supreme Court appears to have merged the two torts of malicious prosecution and wrongful use of civil proceedings, even though the RESTATEMENT (SECOND) OF TORTS §§ 653 and 674 (1977) and prior common law had clearly differentiated the two.  *See Prewitt v. Sexton*, 777 S.W.2d 891, 893-94 (Ky. 1989); *Mapother and Mapother, P.S.C. v. Douglas*, 750 S.W.2d 430, 431 (Ky. 1988).

unreasonable burden upon those whose rights cannot be otherwise effectively enforced." *Id.*

Relevant to this inquiry, the Hornungs filed a civil action (Action No. 20-CI-003139) on behalf of Heavener to enforce an alleged oral agreement regarding disposition of Jared's cremated remains. The filing of the complaint was based upon communications between Heavener and her counsel, in particular, a text message from Heavener to her attorney regarding the oral agreement to divide Jared's cremated remains. As discussed in footnote 2 and based on our review of the record, we do not believe that Hall has demonstrated that Heavener and/or the Hornungs acted without probable cause when filing the complaint. Thus, we do not believe the circuit court erred by granting the motion to dismiss Hall's complaint for failure to state a claim upon which relief could be granted.

As Hall is unable to demonstrate that Heavener and the Hornungs acted without probable cause it is unnecessary to engage in an analysis of the remaining elements of wrongful use of civil proceedings. Accordingly, we do not believe the circuit court erred by dismissing Hall's complaint for failure to state a claim upon which relief could be granted.

Hall also contends the circuit court erred by denying his motion to amend his complaint pursuant to CR 15.01. CR 15.01 governs the amendment of pleadings and provides:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

It is well-established that a circuit court is granted wide discretion in granting leave to amend pleadings pursuant to CR 15.01. *Swearingen v. Hagyard Davidson McGee Assoc., PLLC*, 641 S.W.3d 186, 192 (Ky. App. 2022) (citation omitted). And, such a ruling by the circuit court will not be disturbed on appeal absent an abuse of discretion. *Givens v. Boutwell*, 701 S.W.2d 146, 147 (Ky. App. 1985). An abuse of discretion occurs where the decision of the circuit court was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Goodyear Tire & Rubber Co., v. Thompson*, 11 S.W.3d 575, 582 (Ky. 2000).

In the case *sub judice*, the record indicates that Hall filed the motion to amend the complaint on April 26, 2022, after the issues were fully briefed on Heavener's motion to dismiss. Hall had filed a Motion of Submission (AOC Form 280) on April 8, 2022. The court entered the order dismissing on April 27, 2022.

As Heavener did not grant written consent for Hall to amend the complaint, Hall had to seek leave of court pursuant to CR 15.01 to amend the complaint and the circuit court denied same. There is nothing in the record to

-14-

indicate that the circuit court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. The underlying basis for the amended complaint was newly discovered evidence although Hall fails to specifically identify the evidence or where it can be found in the record below. Presumably, Hall is relying on statements made by Richard Hornung at a hearing on the motion for Rule 11 sanctions before the court in Action No. 20-CI-003139. That hearing occurred on April 12, 2022. This Court has reviewed the hearing video record and does not believe counsel's statements rise to the level of an admission of legal malpractice to support the amendment. Therefore, we conclude the circuit court did not abuse its discretion by denying Hall's motion to file an amended complaint.

For the foregoing reasons, we affirm Appeal Nos. 2022-CA-0995-MR and 2022-CA-1163-MR.

ALL CONCUR.

| BRIEFS AND ORAL ARGUMENT FOR APPELLANT: | BRIEFS FOR APPELLEES: |
|---|---|
| | Richard V. Hornung |
| David B. Mour | Andrew R. Hornung |
| Louisville, Kentucky | Louisville, Kentucky |
| | |
| | ORAL ARGUMENT FOR APPELLEES: |
| | |
| | Andrew R. Hornung |
| | Louisville, Kentucky |