RENDERED: JULY 3, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1213-MR

DEBRA KELLY-THOMAS; DAVID                           APPELLANTS
THOMAS; AND WINTER R. HUFF


                    APPEAL FROM KNOTT CIRCUIT COURT
v.                  HONORABLE KIM C. CHILDERS, JUDGE
                    ACTION NO. 21-CI-00223


ESTHER MCCALL; EDWIN
MCCALL; GISELLE MCCALL; SETH
MCCALL; AND ZACHARY MCCALL                           APPELLEES


OPINION
AFFIRMING IN PART AND VACATING IN PART

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND MOYNAHAN,
JUDGES.

THOMPSON, CHIEF JUDGE: Debra Kelly-Thomas, David Thomas, and Winter
R. Huff appeal from orders of the Knott Circuit Court which found in favor of
Esther McCall and her family in a land ownership dispute. The court also awarded
Appellees $5,000 in attorney fees. Appellants argue that the court erred in
awarding ownership of the land to Appellees and that the court erred in awarding

attorney fees. We conclude that the court did not err on the issue of ownership of the land, but did err in awarding attorney fees.

## FACTS AND PROCEDURAL HISTORY

Cleta and Clifford Pence owned a parcel of property next to property owned by the Thomases. In 2001, the Pences carved out a lot on their property and deeded it to their daughter, Anna Pence Stamper Mullins. In 2006 the Thomases sued Ms. Mullins, Gene Mullins,[1] and another family member claiming that the lot was part of their property. The Thomases sued to quiet title and sought compensatory and punitive damages.[2]

In March of 2007, the trial court entered an order granting a default judgment to the Thomases as against Ms. Mullins' husband and the other family member. In April of 2007, the trial court granted summary judgment to the Thomases as against Ms. Mullins. Both orders held that the Thomases were the rightful owners of the disputed land, and the orders stated that they were final and appealable; however, both orders also stated that the issues of compensatory and punitive damages would be determined at a later date.

---

[1] Husband of Ms. Mullins.

[2] The record for the 2006 case is not before us; therefore, we do not know the extent of the claims which were alleged by the Thomases. The record before us does include some documents from the 2006 case as exhibits and those documents include information regarding claims for damages.

In September of 2007, the Thomases filed an amended complaint and joined the Pences to the lawsuit. Litigation and discovery then ensued for quite some time. In 2009, Ms. Mullins conveyed by deed the property at issue to Mr. Mullins. In 2011, Ms. Mullins died, and a motion was filed to substitute her estate as a party to the case.[3] In August of 2011, the court entered an order granting the motion to substitute. Later in 2011, a bench trial was held. The Pences presented a survey which indicated that the disputed land originally belonged to their parcel and the court found this, along with some testimony in favor of the Pences, to be the most credible evidence. On September 13, 2011, the trial court entered a judgment in favor of the Pences and Ms. Mullins' estate, thus vacating the earlier 2007 summary judgment in favor of the Thomases. The court held that the property lines shown in the Pences' survey were accurate and reflected that conclusion in the court's judgment. In other words, the court held that the lot of land that was given to Ms. Mullins by the Pences was originally part of the Pences' property and not the Thomases' property.

The Thomases then appealed that judgment. During the pendency of the appeal, Mr. Mullins conveyed the property to Ms. McCall.[4] On February 8, 2013, a previous panel of this Court rendered an opinion which affirmed in part

---

[3] We do not know who made the motion to substitute the estate as a party.

[4] Ms. McCall is a sister to Ms. Mullins.

and vacated in part. The Court held that the parties did not properly substitute Ms. Mullins' estate as a party to the action; therefore, all orders pertaining to the estate were vacated. The Court then went on to hold that the trial court's conclusion regarding the boundary of the parties' properties was proper and affirmed.

On November 11, 2021, the Thomases brought the underlying action to quiet title to the same plot of land. They claimed that because the Court of Appeals vacated all orders regarding Ms. Mullins' estate, this vacated the part of the 2011 judgment in favor of the estate. The Thomases went on to argue that, since the 2011 judgment was vacated as it pertained to the estate, the 2007 summary judgment against Ms. Mullins was reinstated and the Thomases were the owners of the land.

After some discovery, in February of 2024, the McCalls and the Thomases filed competing motions for summary judgment. The issues were then briefed and submitted to the court. On March 4, 2024, the trial court entered an order granting summary judgment in favor of the McCalls. The court held that the boundary between the Pence property and the Thomas property had been decided in the 2006 case and cannot be disputed again. The land owned by Ms. McCall was previously deemed inside the Pence boundary and not a part of the Thomases' property; therefore, the Thomases have no claim to it.

On March 11, 2024, the McCalls moved to amend the summary judgment to allow them to recover their attorney fees in the amount of $5,000. The McCalls sought this sanction pursuant to Kentucky Rules of Civil Procedure (CR) 11. They argued that the current lawsuit sought to relitigate an issue that had been determined years ago; therefore, it had no legal basis. On September 13, 2024, the court entered an order amending the summary judgment and awarded the McCalls $5,000 in attorney fees. The Thomases and their attorney, Winter Huff, were responsible for the fees jointly and severally. This appeal followed.

## STANDARD OF REVIEW

The standard of review on appeal when a trial court grants a motion for summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present at least some affirmative evidence showing that there is a genuine issue of material fact for trial. The trial court must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. The word "impossible," as set forth in the standard for summary judgment, is meant to be used in a practical sense, not in an absolute sense. Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer

-5-

to the trial court's decision and will review the issue [*de novo*].

*Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Nov. 23, 2011) (internal quotation marks and citations omitted). As for the review of CR 11 sanctions, "our role requires a multi-standard approach, that is, a clearly erroneous standard to the trial court's findings in support of sanctions, a *de novo* review of the legal conclusion that a violation occurred, and an abuse of discretion standard on the type and/or amount of sanctions imposed." *Clark Equipment Co., Inc. v. Bowman*, 762 S.W.2d 417, 421 (Ky. App. 1988) (footnote and citations omitted).

## ANALYSIS

The Thomases' first argument on appeal is that the trial court erred in granting summary judgment in favor of the McCalls. They argue that the 2007 judgments in their favor were final and determinative of the ownership of the land in dispute. They claim that when the previous panel of this Court vacated all orders relating to Ms. Mullins' estate, the 2007 judgments became the only valid orders and awarded the land to the Thomases. We disagree.

The 2007 orders did state that they were final and appealable; however, they were not actually final and appealable. CR 54.02(1) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved,

the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The 2007 judgments used the CR 52.04 final and appealable language, but they reserved the issue of damages. By reserving the issue of damages, the claim was not fully adjudicated; therefore, the judgment was not final regardless of the CR 52.04 recitation. *Chittum v. Abell*, 485 S.W.2d 231, 237 (Ky. 1972). The 2007 judgment only decided a part of the claim, not the full claim. "[M]erely adding finality recitations from CR 54.02 will have no effect on an order that 'did not *finally* fix the rights of any of the parties' as to even one claim." *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 101 (Ky. App. 2011) (citation omitted) (emphasis added).

Furthermore, because the claims against Ms. Mullins were not properly revived via her estate, and the 2007 summary judgment against her was not final, there was no final and appealable order as to Ms. Mullins or her estate. The only final and appealable order was the one that ruled the property in dispute

was originally a part of the Pences' property. That judgment was then affirmed by another panel of this Court in 2013. The property in dispute was previously deemed as having originally been a part of the Pences' property; therefore, they were within their rights to deed it to Ms. Mullins. This would also indicate that the additional transfers of the property which led to the McCalls being the owners were also proper. We find no error in the court's judgment as to the ownership of the land.

We do find error, however, in the award of attorney fees. CR 11 states in relevant part:

> Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. . . . The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because

of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

In the case at hand, the trial court granted the motion for attorney fees because it found that the property ownership issue had already been established in the 2006 action. The court then compared the current action to the filing of a cause of action after the statute of limitations period had expired. We agree with the trial court that the previous action fully adjudicated the property dispute and the Thomases do not own the McCalls' property; however, we do not believe that a violation of CR 11 has occurred.

> CR 11 does not provide substantive rights to litigants but is a procedural rule designed to curb abusive conduct in the litigation process. It is intended only for exceptional circumstances. The test to be used by the trial court in considering a motion for sanctions is whether the attorney's conduct, at the time he or she signed the allegedly offending pleading or motion, was reasonable under the circumstances.

*Lexington Inv. Co. v. Willeroy*, 396 S.W.3d 309, 312-13 (Ky. App. 2013) (citations omitted). "Rule 11 is not … a vehicle to obtain relief by one who has suffered damages by simple negligence in the filing of a lawsuit or by the filing of a meritless lawsuit." *Clark Equipment Co., Inc.*, 762 S.W.2d at 420.

We do not think this action was filed for harassing or vexatious purposes. We believe this case had some unusual circumstances that would justify the bringing of a new lawsuit, namely, the death of Ms. Mullins and the previous

panel of this Court vacating all orders pertaining to her estate. Combine this with a 2007 summary judgment order that stated it was final and appealable, and it seems reasonable for the Thomases to believe they might still have an interest in the land at issue. As the standard of review for determining if a violation occurred is *de novo*, *Clark Equipment Co., Inc.*, 762 S.W.2d at 421, we conclude that, based on the circumstances of the case, the trial court erred in granting CR 11 sanctions.

## CONCLUSION

Based on the foregoing, we affirm the summary judgment in favor of the McCalls as to the property issue. The 2006 action established that the disputed land was originally a part of the Pences' property; therefore, they were within their rights to transfer it to Ms. Mullins. Ms. Mullins then properly transferred it to her husband, and he later properly transferred it to Ms. McCall. On the other hand, we vacate the part of the summary judgment which awarded attorney fees. CR 11 attorney fees were not warranted in this action due to the unusual circumstances of the case.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Winter R. Huff
Monticello, Kentucky

BRIEF FOR APPELLEES:

Frank C. Medaris, Jr.
Lexington, Kentucky