Robert N. TRAINOR, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2010–SC–000201–KB.

Supreme Court of Kentucky.

May 20, 2010.

## OPINION AND ORDER

Robert N. Trainor, KBA No. 71335, was admitted to the practice of law on October 1, 1976, and his bar roster address is 618 Washington Street, Covington, Kentucky 41011. He moves this Court to impose the sanction of a thirty-day suspension from the practice of law to be probated for one year provided that he incur no other disciplinary charges during that period and that he attend the entire KBA Ethics and Professionalism Enhancement Program for which he will claim no CLE credit. The KBA has no objection to the motion, as the parties have agreed to a negotiated sanction pursuant to SCR 3.480(2).

### KBA File 10677

■ Trainor's client, Dianna O'Keefe, an independent contractor, was injured when she was struck by a tow motor while she inspected a shipment for export at North American Refractories on October 1, 1998. Trainor initially sought to recover from O'Keefe's automobile policy insurer under the Motor Vehicle Reparations Act. However, on November 18, 1998, the insurance company denied the claim, stating that O'Keefe's injuries were not covered under the MVRA, as the act does not define a "tow motor" as a "motor vehicle." Trainor informed the insurance company that he disagreed with its denial of the claim on November 27, 1998, but took no further action under the MVRA.

In March 1999, Trainor sent a letter to the adjuster for the Refractories' insurance company with a copy of her medical release and a letter to O'Keefe notifying her of said correspondence. Trainor took no further action on the case until September 27, 2000, when he filed suit in Pendleton County Circuit Court (where venue was improper) which was dismissed with prejudice on the ground that the suit was filed after the expiration of the one-year statute of limitations for a non–MVRA personal injury case.

The KBA charged Trainor with violating SCR 3.130–1.3 for failing to "act with reasonable diligence and promptness in representing a client" for his failure to diligently prosecute O'Keefe's action.

Trainor also failed to maintain adequate professional liability insurance as required by SCR 3.024 from 2002–2005. As a result, the KBA charged him with violating SCR 3.130–3.4(c) for "knowingly or intentionally disobey[ing] an obligation under the rules of a tribunal. . . ."

### KBA File 13148

■ Another of Trainor's clients, Tracy Stanley, delivered a stillborn baby on May 1, 2000. Trainor represented Stanley as administratrix of her stillborn child's estate. He filed a medical malpractice suit against Dr. Jean Burchell on April 23, 2001 which was voluntarily dismissed by agreement of the parties on October 22, 2002.

Almost a year later, on September 25, 2003, Trainor again filed a medical malpractice suit against Dr. Burchell on behalf of Stanley. Dr. Burchell defended this suit alleging a lack of probable cause and the expiration of the one-year statute of limitations and the suit was voluntarily dismissed with prejudice by agreement of the parties on November 26, 2003.

In Count I, the KBA charged Trainor with violating SCR 3.130–3.1, which provides that "[a] lawyer shall not knowingly bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous...." Trainor violated this rule when he brought a frivolous action against Dr. Burchell. Count II charged him of violating SCR 3.130–3.4(c) which provides that a lawyer shall not "knowingly or intentionally disobey an obligation under the rules of a tribunal except for an open refusal based on a assertion that no valid obligation exists." He violated this rule when he disobeyed Civil Rule 11 by filing the medical malpractice suit against Dr. Burchell significantly beyond the statute of limitations.

### *Negotiated Sanction*

■ Trainor admits that his misconduct in these matters constituted a violation of SCR 3.130–1.3, SCR 3.130–3.1 and two counts of SCR 3.130–3.4(c). He and the KBA have agreed to a negotiated sanction pursuant to SCR 3.480(2) and he now requests this Court to impose a thirty-day suspension from the practice of law to be probated for one year provided he incurs no other disciplinary charges during that period and conditioned upon his attendance at the entire KBA Ethics and Professionalism Enhancement Program for which he will claim no CLE credit.

In its response, the KBA contends that the recommended discipline is appropriate and supported by Kentucky case law. For example, in *Kentucky Bar Association v. Leadingham*, 269 S.W.3d 419 (Ky.2008), the attorney filed an appeal for a client, but failed to file a brief (as he had also done in another case). Leadingham informed the Court of Appeals that the case had been settled and indicated that he would tender an agreed order of dismissal, but failed to do so. The action was dismissed. While Leadingham signed the receipt for the certified mailings of a disciplinary complaint, a reminder letter, and his charges, he neither provided any information nor filed a response in the disciplinary matter. The Court found him guilty of violating SCR 3.130–3.4(c) and SCR 3.130–8.1(b) and suspended him from the practice of law for thirty days, probated on the condition that he attend EPEP.

In *Kentucky Bar Association v. Quesinberry*, 203 S.W.3d 137 (Ky.2006), Quesinberry filed a notice of appeal on behalf of her clients, but failed to file a brief, resulting in the dismissal of the appeal. Quesinberry also failed to inform her clients of the status of their appeal and failed to respond to their requests for information. The appeal was reinstated after a pro se motion by the clients asking the court to reconsider its denial of the motion to reinstate. This Court found Quesinberry guilty of: failing to act with reasonable diligence and promptness in representing a client, in violation of SCR 3.130–1.3; failing to communicate with her clients, in violation of SCR 3.130–1.4(a); and disobeying obligations to a tribunal in violation of SCR 3.130–3.4(c). The Court had issued a private reprimand against her for similar conduct in 2005. She was publicly reprimanded for her conduct and suspended from the practice of law for thirty days, probated for one year provided she attended remedial ethics training.

The KBA also considered Trainor's prior disciplinary offenses as an aggravating

factor. In February 2009, this Court imposed a reciprocal public reprimand on Trainor after he was publicly reprimanded in Ohio in 2006 for failing to inform a client in 2002 that his professional liability coverage had been cancelled two years earlier. While Kentucky's Rules of Professional Conduct do not include a like provision, SCR 3.130–3.4(c) prohibits a lawyer from knowingly or intentionally disobeying an obligation under the rules of a tribunal, and Trainor disobeyed an obligation under the rules of the Ohio Supreme Court. Additionally, Trainor was charged in 2003 by Ohio's Board of Commissioners on Grievances and Discipline with failing to maintain accurate records for client fund accounts. For this violation, the Ohio Supreme Court imposed a six-month suspension which was stayed on the condition that he occasionally provide accountings of his funds to a disciplinary counsel investigator. This Court imposed a reciprocal suspension in October 2004 which was suspended so long as Trainor obeyed the conditions of the Ohio Supreme Court.

### *Discipline*

Agreeing that the negotiated sanction proposed in Trainor's motion is appropriate, it is ORDERED that:

1. Robert Trainor shall be suspended from the practice of law for thirty days, probated for one year provided he incurs no other disciplinary charge during that time period;

2. Trainor shall attend the entire KBA Ethics and Professionalism Enhancement Program (EPEP), which is anticipated to be seven hours, within one year of the date of this Order;

3. Trainor will not apply for Continuing Legal Education credit of any kind for his attendance at the EPEP. He will furnish a release and waiver to the Office of Bar Counsel to review his records of the CLE Department that might otherwise be confidential, such release to continue in effect until after he completes his remedial education, in order to allow the Office of Bar Counsel to verify that he has not reported any hours to the CLE Commission that are to be taken as remedial education.

4. If Trainor fails to comply with any of the terms of discipline as set forth herein, the Office of Bar Counsel may petition the Court to impose the full thirty-day suspension; and

5. In accordance with SCR 3.450, Trainor shall pay all costs associated with these proceedings, said sum being $402.35, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., concur.

SCHRODER, J., dissents.

ENTERED: May 20, 2010.

/s/ John D. Minton Jr.
    Chief Justice