**F.J. ANDERSON, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2013–SC–000722–KB.

Supreme Court of Kentucky.

Dec. 19, 2013.

---

## OPINION AND ORDER

The Movant, F.J. Anderson (aka Jerry Anderson), pursuant to SCR 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceedings against him (KBA File No. 18609) by suspending him from the practice of law for 30 days with the condition that he attend a remedial ethics program offered by the Office of Bar Counsel. This motion is the result of an agreement with Bar Counsel for the Kentucky Bar Association. For the following reasons, the motion is granted.

Movant was admitted to the practice of law in the Commonwealth of Kentucky on September 14, 1965; his KBA member number is 01280. Movant's bar roster address is 269 W. Main Street, Suite 400, Lexington, Kentucky 40507.

Movant acknowledges the following facts.

In November and December 2007, he prepared and filed motions in a probate case, *In re the Estate of Richard E. Whittaker*, No. 06–P–0008, in Rowan District Court. The motions were filed on behalf of individuals with competing interests: Doris Whittaker (the ex-wife of the decedent) and her two minor children by the decedent. When the Movant argued the motions in Rowan District Court, the court, sua sponte, found that there was a conflict of interest between Doris Whittaker on the one hand and the children on the other. On February 12, 2008, the court entered an order recording this and other findings.

The conflict grew out of the fact Doris Whittaker was the ex-wife of the decedent and had a continuing claim related to her share of marital property due to her under the divorce settlement. The property had never been remitted to her. The conflict arose because her claim would have diminished the estate and, in turn, the inheritance of the children.

On December 19, 2008, the Movant obtained a garnishment order on behalf of Doris. The garnishment was on an account at Citizens Bank of Morehead, Kentucky, that had belonged to the decedent.

The Estate was obligated to pay on a mortgage secured by a home in which Doris and her children lived. She was entitled to this under the divorce decree.

On April 22, 2009, the Rowan Circuit Court entered an order in two civil actions, both between Doris and the Estate, stating that the Movant and Doris had violated Civil Rule 11 in obtaining the garnishment order. Specifically, the court concluded that the garnishment had not been supported by existing law and had needlessly increased the cost of litigation. The court ordered the Movant to pay a sanction of $1,200. The Movant now admits that "it is clear the garnishment was ... obtained contrary to Kentucky law, and was therefore sanctionable under CR 11."

On February 17, 2010, the Movant filed suit in Rowan Circuit Court, on behalf of himself and Doris, against David Whittaker, the administrator of the Estate. On May 24, 2010, the administrator filed a Rule 11 motion for sanctions against the Movant and his client stating that they lacked standing to sue and had failed to state a claim; that their claim was barred by res judicata, frivolous and intended to harass; and they had caused the administrator undue expense and effort in responding to the complaint. The adminis-

trator also filed a motion to dismiss the complaint in his individual capacity. A few days later, he filed another motion to dismiss, apparently in his capacity as executor, and again moved for Rule 11 sanctions. In July 2010, the court granted the Rule 11 motions, and ordered the Movant to pay a sanction of $3,500 to the administrator of the estate and $1,500 to the administrator's lawyer.

It is not clear from the motion before this Court, but the February 2010 suit appears to have been for attorneys fees for defending against a lawsuit filed by the administrator of the estate in federal court in Tennessee. That suit was dismissed. The Movant admits in his motion that the suit was without merit in the forum of choice (Rowan Circuit Court) and in violation of Rule 11.

The Inquiry Commission issued a two-count charge concerning these matters. Count I alleged a violation of SCR 3.130–3.1, which states in pertinent part that "[a] lawyer shall not knowingly bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." The Movant admits he violated this rule by obtaining the improper garnishment, filing the frivolous lawsuit, and violating Civil Rule 11. Count II of the charge alleged a violation of SCR 3.130–1.7(a), which stated at the relevant time:[1] "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client. . . ." The Movant admits he violated this rule by representing both Doris Whittaker and her children, who had competing interests in the estate of Richard Whittaker.

The Movant now asks this Court to enter an order in conformity with his negotiations with the KBA's Office of Bar Counsel, which has no objection and asks that the motion be granted. Bar Counsel cites two cases, *Trainor v. Kentucky Bar Ass'n*, 311 S.W.3d 719 (Ky.2010), and *Turner v. Kentucky Bar Ass'n*, 955 S.W.2d 926 (Ky. 1997), which support the proposed sanction. In *Trainor*, the lawyer violated CR 11 one time, along with other ethical violations, and received a probated sanction. Bar Counsel states that the Movant's case is more serious, and thus does not warrant probation, because it involves. multiple violations of CR 11. In *Turner*, the lawyer was found to have violated Rule 11 by three separate courts (the Fayette Circuit Court, the Kentucky Court of Appeals, and the Federal District Court for the Eastern District of Kentucky), and committed other ethical violations with regard to another client. The lawyer was suspended for one full year. Bar Counsel argues that the Movant's case is less serious than the pattern of misconduct in *Turner* and thus warrants a lesser sanction.

According to the KBA, the Chair of the Inquiry Commission and a Past President of the KBA have reviewed and approved the sanction proposed by the Movant. The Movant's history of past discipline consists of two private reprimands, one in 2010 and one in 2012.

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to

---

1. This is the version of the rule in effect before July 15, 2009.

by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction still falls within the discretion of the Court. After reviewing the allegations, the Movant's previous disciplinary record, and the cases cited by Bar Counsel, this Court concludes that the discipline proposed by Movant is adequate.

### Order

ACCORDINGLY, IT IS ORDERED THAT:

1.  The Movant, F.J. Anderson, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.
2.  The Movant is suspended from the practice of law in Kentucky for 30 days, beginning ten days after entry of this Order.
3.  The Movant will attend, at his own expense, and successfully complete the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel, separate and apart from his fulfillment of any other continuing education requirement.
4.  The Movant will not apply for CLE credit of any kind for this program. The Movant will furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, such release to continue in effect for one year after he completes the EPEP to allow Bar Counsel to verify that he has not reported any of the EPEP hours to the CLE Commission.
5.  In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,617.50, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur. ENTERED: December 19, 2013.

ENTERED: December 19, 2013.

/s/ John D. Minton, Jr.