RENDERED: MAY 9, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0445-MR

ANN NICOLE HENSON                                                APPELLANT

APPEAL FROM CLARK CIRCUIT COURT
v.       HONORABLE SAMUEL TODD SPALDING, SPECIAL JUDGE
ACTION NO. 19-CI-00445

WILLIAM ROBERT TUDOR                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, L. JONES, AND McNEILL, JUDGES.

JONES, L., JUDGE: Appellant, Ann Nicole Henson ("Mother"), appeals from an order of the Clark Circuit Court entered on March 20, 2023, which denied her motion filed pursuant to CR[1] 60.02 to set aside the October 8, 2021, order that determined final custody of the parties' minor child ("Child") and denied Mother's

---

[1] Kentucky Rules of Civil Procedure.

request for CR 11 sanctions against the counsel of Appellee, William Robert Tudor ("Father").  After carefully reviewing the record and the relevant law, we affirm.

BACKGROUND

The underlying case has a long and litigious history spanning multiple counties and having several judges presiding over the proceedings.  The relevant facts pertinent to the appeal at hand follow below.

Father commenced the underlying case by filing a petition to determine custody of Child with the Boyle Circuit Court in 2015.  This appeal arises from the civil custody action, but for reasons that will soon become apparent, we must briefly mention two companion cases.

In the fall of 2018, the Cabinet for Health and Family Services ("the Cabinet") filed a Dependency, Neglect, and Abuse ("DNA") petition which alleged that Father had sexually abused Child; however, the Boyle Circuit Court dismissed the DNA case before an adjudication hearing took place.

The day after the DNA case was dismissed, Mother filed a petition for an order of domestic violence against Father and moved for Father's parenting time to be suspended in the underlying civil custody case based upon the same sexual abuse allegations raised in the DNA case.  Over the next several months the sexual abuse allegations became the primary point at issue concerning the Child as it related to custody and parenting time.  As a result, in August 2019, the circuit

court dismissed the domestic violence case and set a hearing in the civil custody case to ultimately determine if sexual abuse had occurred and put the matter to rest. (Record ("R."), at 485.)

The circuit court conducted an extensive evidentiary hearing concerning the allegations of sexual abuse. Some of the evidence considered by the Court included testimony from a variety of individuals as well as an *in camera* interview with Child. On December 17, 2019, the circuit court entered an order in which it found that no sexual abuse had occurred and set a parenting time schedule for Father. (R. at 789.) Notably, this order was not final and appealable as the circuit court otherwise reserved all issues relevant for a final custody hearing.

Mother began representing herself *pro se* soon after the entry of the December 17, 2019, order. Since then, Mother has continued to raise arguments concerning the sexual abuse allegations, the administration of the DNA case, and her grievances with various individuals involved in the administration of proceedings at every possible date.[2] She has filed numerous motions to disqualify the judges involved in the underlying case, motions to impose CR 11 sanctions on

---

[2] Some of these individuals include Father's counsel, Mother's previous counsel, the guardian *ad litem* involved in the proceedings, the judges involved, various Cabinet workers and attorneys representing the Cabinet, law enforcement personnel involved, and the Clark Circuit clerks. Notably, Mother filed a federal action against a number of these individuals, though that case was ultimately dismissed. *Henson v. Burke*, Civil Action No. 5:22-288-KKC, (E.D. Ky. May 19, 2023). Mother also filed a civil action against a number of these individuals; that matter is currently on appeal before this Court and shall be addressed by a separate opinion. *Henson v. Burke*, Appeal No. 2024-CA-0303-MR.

Father's counsel, and motions to alter, amend, or vacate under CR 59.05 challenging almost every order of the circuit court.

Eventually, Judge Samuel Spalding was assigned as special judge, and a final custody hearing was set in September 2021. Though the December 17, 2019, order found no sexual abuse to have occurred, the circuit court permitted Mother to introduce more evidence and subpoena numerous witnesses to testify regarding the sexual abuse allegations and the administration of the DNA case at the final custody hearing in September 2021.[3]

On October 8, 2021, the circuit court entered an order denying Mother's pending requests for CR 11 sanctions against Father's counsel. It also entered a final custody order that awarded Mother sole custody and set a visitation schedule for Father. (R. at 3104.) Considering Child's best interests as required under KRS[4] 403.270, the circuit court found that Father's visitation over the previous twenty-one (21) months had occurred without incident, and, again, ultimately found that an act of sexual abuse did not occur. In doing so, it made extensive findings about the administration of the DNA case, and did not find that the DNA case was fraudulent or otherwise inappropriately mishandled.

---

[3] The circuit court entered an order on December 3, 2020 prohibiting Mother from introducing any more evidence concerning the allegations of sexual abuse, as it had already been addressed in the December 17, 2019, order. However, that portion of the December 3, 2020, order was set aside in contemplation of the final custody hearing.

[4] Kentucky Revised Statute.

Additionally, it found that no agency had initiated criminal charges against Father for the alleged abuse – despite Mother's persistent requests for the agencies to do so.

Mother filed a notice of appeal from the October 8, 2021 order and essentially all previous orders entered by the circuit court. However, this Court ultimately dismissed the appeal because Mother failed to timely appeal the October 8, 2021 order.[5] Additionally, the Kentucky Supreme Court did not take the matter under discretionary review, having denied Mother's request for the Chief Justice to disqualify himself and her motion for additional time to file a motion for discretionary review.[6] Upon finality of this Court's Order dismissing Mother's appeal, any appeal from the October 8, 2021 order was necessarily barred under our jurisprudence.

In October 2022, Mother filed a motion pursuant to CR 60.02 to set aside the October 8, 2021 order. Subsequently, Mother filed a flurry of motions below, including another motion for CR 11 sanctions against Father's counsel. On

---

[5] Appeal No. 2022-CA-0033-MR. Mother had filed multiple CR 59.05 motions to the October 8, 2021, order and filed her notice of appeal more than thirty (30) days after the first CR 59.05 motion was ruled upon. In dismissing the appeal, this Court held that duplicative and successive CR 59.05 motions do not toll the time to take an appeal from an otherwise final and appealable order. *See Rodgers v Berry*, 346 S.W.2d 43, 44 (Ky. 1961); *see also Cloverleaf Dairy v. Michels*, 636 S.W.2d 894, 896 (Ky. App. 1980).

[6] Action No. 2022-SC-0378-D.

March 20, 2023, after reviewing the record and determining a full evidentiary hearing was not warranted, the circuit court entered an order denying Mother's pending motions, which included her CR 60.02 motion and motion for CR 11 sanctions. (R. at 4227.) In response, Mother filed another set of motions including one pursuant to CR 59.05 challenging the March 20, 2023, order. (R. at 4230.)

Before the circuit court ruled on the CR 59.05 motion, Mother filed the present appeal. In the notice of appeal, Mother appealed the March 20, 2023, order as well as several previous orders, including the orders from December 17, 2019, December 3, 2020, and October 8, 2021, and orders from the Supreme Court denying some affidavits of disqualification for Judge Spalding. This Court issued an Order for Mother to show cause why the appeal should not be limited to just those issues contained in the March 20, 2023, order, as the rest of the orders were untimely and inappropriately taken. The Court also granted Mother's motion to place the appeal in abeyance filed pursuant to RAP[7] 3(E)(3) because of the pending CR 59.05 motion below. The circuit court denied Mother's CR 59.05 motion in October 2023.

Subsequently, this Court entered an Order allowing the appeal to proceed but directing Mother to limit the arguments in this appeal solely to those issues arising out of the March 20, 2023 order, as that was the only order which

---

[7] Kentucky Rules of Appellate Procedure.

was timely appealed and could appropriately be brought before this Court. *See Hoffman v. Hoffman*, 500 S.W.3d 234, 236-37 (Ky. App. 2016).

We have thoroughly reviewed all of the arguments Mother has raised on appeal. Despite this Court's clear directive, Mother's brief raises several arguments outside the purview of the March 20, 2023 order. We will limit our inquiry solely to those issues which are appropriately before the Court.

Those issues are Mother's argument regarding the circuit court's subject matter jurisdiction concerning the alleged sexual abuse, review of the denial of Mother's CR 60.02 motion concerning the October 8, 2021 order, and review of the denial of Mother's request for CR 11 sanctions against Father's counsel. Any issue not addressed herein is deemed to be without merit or should have been raised in a direct appeal of a previous order.

## ANALYSIS

Initially, we recognize that Father did not file an appellee's brief. RAP 31(H) provides penalties the Court may invoke if an appellee's brief has not been filed, and the decision whether to impose any of these penalties is within our discretion. *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). In this instance we decline to impose any penalties, considering the case at hand concerns matters affecting a child. *See, e.g.*, *Ellis v. Ellis*, 420 S.W.3d 528, 529 (Ky. App.

-7-

2014) (citing *Galloway v. Pruitt*, 469 S.W.2d 556, 557 (Ky. 1971)). We now turn to Mother's arguments.

## A. Subject Matter Jurisdiction

Specifically, Mother argues that the circuit court acted outside of its jurisdiction when it determined whether sexual abuse occurred, as a circuit court may not make that kind of finding in the context of a civil custody case. We disagree and find this argument without merit. However, we are inclined to review the issue as it concerns subject matter jurisdiction, which can be raised at any time. *Commonwealth v. Steadman*, 411 S.W.3d 717, 721 (Ky. 2013). "The question of jurisdiction is ordinarily one of law, meaning that the standard of review to be applied is *de novo*." *Appalachian Regional Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53-54 (Ky. 2007).

In a civil custody case such as this one, the circuit court is required to determine best interests of the parties' child when entering a final custody order. KRS 403.270. Whether a parent has sexually abused that child is undoubtedly related to the child's best interests. *See, e.g.*, *May v. Harrison*, 559 S.W.3d 789, 791 (Ky. 2018) (holding the circuit court did not err in conducting an *in camera* interview of a minor child in a civil custody case for the purpose of inquiring into sexual abuse allegations). Mother herself has argued so below, and contrary to her position now, had at one point adamantly requested the circuit court conduct a

-8-

hearing to determine whether an act of sexual abuse occurred.  (R. at 527 E.)  By virtue of Mother's actions and ceaseless inquiries into the DNA case, she embroiled the sexual abuse allegations within the civil custody case, essentially forcing the circuit court to address the matter in its determination of final custody. To now argue the circuit court did not have subject matter jurisdiction to determine whether an act of sexual abuse occurred is not well-taken and only serves as an indication of Mother's tendency throughout the history of the case to excessively litigate any issue which is not decided in her favor.

### B. CR 60.02

On appeal, Mother argues the circuit court erred in denying her CR 60.02 for a plethora of reasons; however, after a review of the approximately 4500-page record on appeal, it is apparent that most of these reasons are merely a rehashing of her previous arguments concerning the administration of the 2018 DNA case and her grievances surrounding the individuals involved with that proceeding.  While Mother goes to great lengths to enmesh those issues within her CR 60.02 motion, the ineluctable reality is that any arguments she could have brought in challenging or appealing the dismissal of the DNA case have long since passed.[8]  Similarly, she has exhausted a direct appeal of the October 8, 2021 final

---

[8] A notice of appeal from a judgment must be filed within 30 days after the date of notation of service.  *See* RAP 3(A)(1).  Additionally, a CR 60.02 motion "shall be made within a reasonable

custody order when she failed to timely file a notice of appeal, and subsequently a timely motion for discretionary review to the Kentucky Supreme Court. Accordingly, we will limit our CR 60.02 inquiry to only those issues properly brought before the Court. Pertinent to our review, Mother argues that new evidence exists which was discovered after the final custody hearing, Father perjured himself in his testimony during the final custody hearing, and that Father's counsel have engaged in fraud. These arguments were made under CR 60.02(b), (c) and (d).

> In relevant part, CR 60.02 provides:
>
> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds . . . (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; [or] (d) fraud affecting the proceedings, other than perjury or falsified evidence . . . .

This Court reviews the denial of a party's motion filed under CR 60.02 for an abuse of discretion. *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011). A trial court has abused its discretion if its "decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Importantly, a motion filed pursuant to "[CR] 60.02 is

---

time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken."

neither a substitute for, nor a separate avenue of, appeal." *Maudlin v. Bearden*, 293 S.W.3d 392, 397 (Ky. 2009). "The relief [afforded by CR 60.02] is extreme, limited, and reserved for those times when justice itself requires an avenue for the plight endured by the aggrieved party." *Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017) (citing *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983)); *see also Age*, 340 S.W.3d at 94 ("[T]he law favors the finality of judgments. Therefore, relief may be granted under CR 60.02 only with extreme caution and only under the most unusual and compelling circumstances.").

The evidence Mother proclaims is newly discovered under CR 60.02(b) are emails from various individuals, completely unrelated to the proceedings at hand, that Mother received in response to questions she posited to them about the DNA action after the conclusion of the final custody hearing. While the emails may not have existed at the time of the final custody hearing, they are not the kind of evidence contemplated by CR 60.02(b), because they could have been discovered with due diligence before, or during, the final custody hearing. *See Commonwealth v. Harris*, 250 S.W.3d 637, 642 (Ky. 2008).

Regarding CR 60.02(c), Mother takes issue with Father's testimony about the circumstances surrounding an assault between him and a third-party before the underlying case was filed, an occasion on which he allegedly harassed her in January 2019, and statements he made regarding his employment as a law

enforcement officer during the time in which there was an active order of protection during the pendency of the parties' related domestic violence case.

In order for a party to gain relief under CR 60.02(c), not only does the party invoking it need to prove that perjury actually occurred, but the party alleging such must show with reasonable certainty that the false testimony was material, or otherwise could have affected the judgment. *See Commonwealth v. Spaulding*, 991 S.W.2d 651, 657 (Ky. 1999); *see also* KRS 523.020.

In the case below, Mother has not shown with reasonable certainty that inconsistencies in Father's testimony affected the judgment, and so they are not material to the matter at hand. At most, the evidence presented by Mother was appropriate to be considered by the circuit court in determining Child's best interests and in judging Father's credibility, which it did. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) ("[J]udging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court.").

Turning now to CR 60.02(d), Mother has alleged fraud in some form or fashion throughout most of the underlying case. Those claims which are not related to the administration of the DNA case, will not be addressed here, Mother alleges that Father's counsel have engaged in "fraudulent litigation abuse," which affected her substantial rights to a fair trial. Specifically, Mother argues that

-12-

Father's counsel filed "sham" motions which she argues had no legal basis to be made,[9] and failed to correctly effectuate service of pleadings on Mother.

Merely alleging fraud is an insufficient basis for relief under CR 60.02(d) to be granted. *Meece*, 529 S.W.3d at 291. The party alleging fraud must show that the fraud occurred and, as a result of the fraud, the party was hindered from raising a meritorious argument. *See id.*

In this case, counsel's actions are akin to those commonly implemented in civil custody matters such as this one, and do not rise to the level of fraud contemplated by 60.02(d). *Goldsmith v. Fifth Third Bank*, 297 S.W.3d 898, 904 (Ky. App. 2009) (citations omitted) ("Fraud upon the court is 'that species of fraud which does or attempts to subvert the integrity of the court itself.' Such fraud has been construed to include only the most egregious conduct, such as bribery of a judge or a member of the jury, evidence fabrication, and improper attempts to influence the court by counsel."). There is no indication that the circuit court, influenced by the actions of Father's counsel, has deprived Mother from raising any meritorious defense in her favor, or that Mother ultimately failed to receive notice of pleadings filed by counsel.

---

[9] These motions include a motion for Mother to engage in a psychological evaluation, a motion to dismiss the emergency protective order in place in the parties' domestic violence case, and a motion for contempt from a "gag" order which Mother claims did not exist. Notably, any arguments pertaining to the disposition of these motions should have been raised in a direct appeal of the October 8, 2021 order or the order dismissing the parties' domestic violence case.

Accordingly, we hold there is no abuse of discretion in the circuit court's denial of Mother's CR 60.02 motion.

## C. CR 11 Sanctions

The basis of Mother's requests for CR 11 sanctions against Father's counsel essentially go hand-in-hand with her arguments concerning fraud. Generally, she alleges that Father's counsel have engaged in "fraudulent litigation abuse," attorney misconduct, and an egregious abuse of the discovery process.

CR 11 provides, in relevant part:

> The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Similar to a review of the denial of a CR 60.02 motion, "[w]here a trial court denies a motion for sanctions under CR 11, this Court's review is limited to a determination of whether the trial court abused its discretion." *Lexington Inv. Co. v. Willeroy*, 396 S.W.3d 309, 313 (Ky. App. 2013) (citing *Clark Equip. Co., Inc. v. Bowman*, 762 S.W.2d 417, 420 (Ky. App. 1988)). Furthermore, "[CR 11] does not provide substantive rights to litigants but is a procedural rule designed to curb abusive conduct in the litigation process[,]" and is only intended in exceptional

circumstances. *Clark Equip. Co., Inc.*, 762 S.W.2d at 420 (internal citations omitted).

In the case at hand, the circuit court found Mother's requests for CR 11 sanctions against Father's counsel were without merit. After thorough review of the record, we agree. Counsel's actions in the underlying case simply do not rise to the level of unreasonableness which generally warrant CR 11 sanctions, and there is no evidence to indicate counsel acted contrary to the tenets of CR 11. *See, e.g.*, *Anderson v. Kentucky Bar Ass'n*, 415 S.W.3d 94, 95 (Ky. 2013) (an attorney was found to have violated CR 11 after representing parties with conflicting interests, obtaining a garnishment order clearly contrary to law, and filing a frivolous lawsuit for attorneys fees). Thus, we do not hold that the circuit court abused its discretion in denying Mother's requests for CR 11 sanctions.

## **CONCLUSION**

For the foregoing reasons, we affirm the March 20, 2023 order of the Clark Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Ann Nicole Henson, *pro se*
Lexington, Kentucky

-15-